FILED
U.S. DISTRICT COURT
2011 JUN 28 PM 4:29
D [signature]
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAUL ALFONSO MENDOZA-MENDOZA,

Petitioner,

v.

CIVIL ACTION NO.: CV211-075

ANTHONY HAYNES, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Raul Alfonso Mendoza-Mendoza ("Mendoza"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Mendoza responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

### STATEMENT OF THE CASE

Mendoza was sentenced in the Western District of Louisiana on July 2, 2009, to 120 months' imprisonment after he pled guilty to reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. No. 7-1, p. 4). Mendoza filed a direct appeal, and the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. United States

v. Mendoza-Mendoza, 398 F. App'x 60 (5th Cir. 2010). The Fifth Circuit's opinion was issued on October 13, 2010, Mendoza's petition for rehearing was denied on December 3, 2010, and the appellate decision was entered as a mandate on December 13, 2010. (No. 09-30647, 5th Cir.).

Mendoza did not file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mendoza has filed a previous § 2241 petition, which the Honorable Lisa Godbey Wood dismissed, without prejudice, due to Mendoza's failure to make the appropriate financial arrangements. (CV211-21, Doc. No. 3).

In this petition, Mendoza contends that his counsel was ineffective for failing to notify the trial court that he is a citizen of Mexico, and the arresting officers violated his rights by not giving him information about contacting the Mexican consulate. Mendoza alleges that his 120 months' sentence was more severe than it should have been. Mendoza also alleges that his right to due process was violated. Finally, Mendoza alleges that his rights under Article 36 of the Vienna Convention on Consular Rights were violated. Respondent asserts that Mendoza's petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

AO 72A
(Rev. 8/82)

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Mendoza has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Mendoza asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because his motion was denied. However, neither the undersigned, nor Respondent, uncovered a previously-filed section 2255 motion filed by Mendoza. It does not appear that Mendoza has filed a § 2255 motion with the Western District of Louisiana, the district in which he was convicted. While the undersigned makes no comment about the merits of a § 2255 motion, Mendoza should still be within the one-year statute of limitations period applicable to the filing of a timely section 2255 motion. There being no evidence of a previously-filed section 2255 motion and the denial thereof, this Court cannot entertain Mendoza's petition. 28 U.S.C. § 2255(e).

3

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Mendoza's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 28th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)